UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT W. NEAL,

    Plaintiff,

v.

DEAN BORDERS, et al.,

    Defendants.

No. 2:18-cv-3208-WBS-EFB P

ORDER

Plaintiff proceeds without counsel. He commenced this action in the Sacramento County Superior Court and defendants Borders and Sheppard removed this action to federal court on December 14, 2018.[1] Defendants requests that the court screen the complaint pursuant to 28 U.S.C. § 1915A and dismiss any claims that are frivolous, malicious, or which fail to state a cognizable claim. ECF No. 3. However, prior to screening the complaint the court addresses jurisdiction and venue.

## Jurisdiction

Except where Congress otherwise dictates, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[1] Both defendants were served on November 20, 2018. ECF No. 1 at 2, ¶ 3. No other defendants are named. *See id.*, Ex. A.

1

"If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). Federal courts have an independent obligation to examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

Plaintiff alleges violations of the United States Constitution by defendants. ECF No. 1 at 18. Specifically, he claims that defendants denied him due process and equal protection in connection with a disciplinary hearing at the California Institute for Men, in San Bernardino County. *Id.* at 15-18. Thus, plaintiff has raised federal constitutional claims sufficient to confer subject matter jurisdiction. *See Ultramar America, Ltd. v. Dwelle*, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). Further, a federal court court may exercise supplemental jurisdiction over any state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Having concluded that federal question jurisdiction exists, the court turns to whether venue in this court is proper.

<u>Venue</u>

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the defendants are located in and the claims arose in the County of San Bernardino. Therefore, venue properly lies in the Eastern Division of the United States District

/////

Court for the Central District of California, and not in this district. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 84(c)(1).

## Conclusion

Accordingly, it is ORDERED that this case is transferred to the Eastern Division of the United States District Court for the Central District of California. *See* 28 U.S.C. § 1406(a).

DATED: January 18, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE